22-6440
*Singh-Sidhu v. Bondi*

BIA
Ruehle, IJ
A208 617 119

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

RAMANDEEP SINGH-SIDHU,
> *Petitioner*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

22-6440
NAC

_____

FOR PETITIONER:          Ashwani Bhakhri, Law Offices of Ashwani K.

Bhakhri, Burlingame, CA.

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Micah Engler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ramandeep Singh-Sidhu, native and citizen of India, seeks review of an August 23, 2022 decision of the BIA, affirming a May 28, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ramandeep Singh-Sidhu*, No. A 208 617 119 (B.I.A. Aug. 23, 2022), *aff'g* No. A 208 617 119 (Immig. Ct. Buffalo May 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of law and the application of law to fact *de novo. Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's conclusion that Singh-Sidhu safely and reasonably could have relocated internally in India.  An asylum applicant who has suffered past persecution is presumed to have a well-founded fear and face a likelihood of future persecution on the same basis.  8 C.F.R. §§ 1208.13(b)(1),  1208.16(b)(1)(i).[1]   But that presumption is rebutted if "a preponderance of the evidence" shows that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . ., and under all the circumstances, it would be reasonable to expect the applicant to do so."  *Id*. § 1208.13(b)(1)(i)(B), (ii); *see also id*. § 1208.16(b)(1)(i)(B), (ii).

Even if the agency had erred in concluding that Singh-Sidhu failed to establish past persecution or a reasonable possibility of future persecution—a question we need not reach—the agency's determination that he could safely and reasonably relocate is supported by substantial evidence.  In so finding, the IJ

---

[1] Citations are to the regulations in effect at the time Singh-Sidhu filed his application.  The amendments effective January 11, 2021, are not retroactively applicable to applications filed before that date.  *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80274, 80281–80282, 80380 (Dec. 11, 2020).

relied on Singh-Sidhu's testimony that he had safely lived with his grandparents for several months in a village 35 kilometers away from the home he had shared with his parents, and that while living there, he travelled to and from his parents' village frequently and he continued to engage in some political activity—testimony that undermines his claim that he lived in hiding while with his grandparents. This evidence is sufficient to support the agency's conclusion that a relocation to his grandparents' village would have been safe and reasonable. *See Singh v. Garland*, 11 F.4th 106, 115–17 (2d Cir. 2021) (affirming an agency decision that internal relocation was reasonable and safe where the applicant had been persecuted by the Badal party for his political activity with the Mann party).

Singh-Sidhu argues that the IJ failed to consider the relevant factors under 8 C.F.R. §§ 1208.13(b)(3) to assess whether internal relocation would be reasonable. That regulation mandates that the analysis be based on "all the circumstances of the case," including the possibility of other harms in the place of potential relocation, ongoing civil strife in the country, and the presence of social and cultural constraints on the applicant's ability to relocate. 8 C.F.R. § 1208.13(b)(3). But the IJ's conclusion that Singh-Sidhu could have relocated relied on evidence that he had already temporarily done so without unduly compromising his

4

movements or requiring him to stop the political activity that led to his asserted persecution. Thus, the IJ's analysis suggests that it did consider, among other things, whether the relocation would be relatively safe and whether Singh-Sidhu would have been subject to social or cultural constraints. *Id.*

Singh-Sidhu's ability to relocate internally is also dispositive as to his withholding of removal and CAT claims. 8 C.F.R. § 1208.16(b)(1)(i)(B) (withholding of removal unavailable where it would be reasonable to expect applicant to relocate internally); *id.* § 1208.16(c)(3) (listing ability to relocate internally as consideration in determining likelihood of torture for the purposes of CAT relief); *Singh*, 11 F.4th at 114 (noting that, as with asylum, withholding of removal is not available where the applicant could safely internally relocate).

Because our conclusion that the agency's relocation finding was supported by substantial evidence is dispositive, we need not address the agency's alternative grounds for denying Singh-Sidhu relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court